*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Daniel R. WARREN**
Private First Class (E-2), U.S. Marine Corps
Appellant

**No. 202000170**

Decided: 30 October 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Mark D. Sameit

Sentence adjudged 15 May 2020 by a special court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 11 months, and a bad-conduct discharge.

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1] Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866.

The findings and sentence are **AFFIRMED**.[2]

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

_____

[1] However, we note a procedural error that had no prejudicial effect on the sentence. Specifically, when announcing the sentence, the military judge failed to announce whether the confinement was to run concurrently or consecutively, in violation of R.C.M. 1009(b)(2)(B). Because the military judge clearly explained that the confinement would run concurrently with other confinement during discussion of the pretrial agreement with Appellant prior to sentencing, and because all parties understood that the confinement would run concurrently, we find no prejudice.

[2] In affirming the findings and sentence, we note that the only clemency requested by trial defense counsel on behalf of Appellant was deferral of all confinement in excess of eight months. Because the adjudged sentence included a bad conduct discharge, and because the requested relief is a misapplication of how deferral of confinement is executed, the requested clemency was not possible by operation of law. It was, thus, outside the convening authority's authority. *See* Article 60(c), UCMJ. In a case where trial defense counsel could have requested clemency that was within the authority of the convening authority, but instead requested clemency that was not possible by operation of law, we have remanded for new post-trial processing with conflict-free counsel. *See United States v. Marquardt*, No. 201600265, 2017 CCA Lexis 95 (N-M. Ct. Crim. App. Feb. 14, 2017) (unpublished op.). However, because the only possible clemency available for Appellant was suspension or disapproval of the adjudged reduction to E-1, and due to the seriousness and breadth of the offenses in this case, we find there was no "reasonable probability of succeeding" that clemency would have been granted on that basis. *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007) (internal quotations omitted). Therefore, under the unique circumstances of this case we discern no prejudice and no need to remand for new post-trial processing.